UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**DAVID RONALD NICHOLS**                                                         **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 3:23-CV-P615-JHM**

**SAMUEL TODD SPALDING** *et al.*                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff David Ronald Nichols is a state prisoner. He brings this action against Marion County Chief Judge Samuel Todd Spalding and Marion County Courthouse Clerk Kim Mays and Deputy Clerk Rhonda Thomas in both their official and individual capacities.

Plaintiff states that on February 13, 2023, Judge Spalding entered an order allowing Plaintiff's public defender to withdraw from Plaintiff's state-court criminal action. Plaintiff states that he did not become aware of this decision until May 26, 2023, when he received the order via First Class Mail at the prison where he was incarcerated. Plaintiff states that Defendants Thomas and Mays were "responsible for their duties to timely sending Court proceedings to the Plaintiff so that he may proceed forward with his appeal which took a total of [] 56 days voiding the Plaintiff's window of [] 30 days to submit his Notice of Appeal to the Kentucky Court of Appeals thus preventing Plaintiff's appeal." Plaintiff further states that he has "continuously and diligently tried to contact the Marion County Circuit Court to find out the outcome of his 60.02 Motion []

Judge Spalding's decision but to no avail the Plaintiff wasn't aware of it until a later time when the Clerk of Court decided to send the Plaintiff the Court order."

Plaintiff claims that his rights have been violated under the Fifth Amendment (due process), Sixth Amendment (assistance of counsel), Eighth Amendment (cruel and unusual punishment), and Fourteenth Amendment (equal protection) of the United States Constitution. He also claims that his rights have been violated under various provisions of the Kentucky Constitution.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Official-Capacity Claims**

Defendants are state officials. *See Gordon v. Van Schoyk*, No. 3:17-cv-721, 2020 U.S. Dist. LEXIS 31636, at *8 (N.D. Ohio Feb. 25, 2020) ("state court judges are state officials"); *Pascoe v. Cabressa*, No. 3:23-cv-007-RGJ, 2023 U.S. Dist. LEXIS 106149, at *3-4 (W.D. Ky. June 20, 2023) (circuit court clerks "are state officers whose duties are coextensive with the

Commonwealth") (quoting KRS § 30A.010(2)).  State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  In addition, claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Thus, Plaintiff's official-capacity claims must be dismissed for seeking damages from Defendants immune from such relief and for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity unless those actions are taken in the absence of any jurisdiction.  *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself."  *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)).  Moreover, as judicial officers, Defendants Thomas and Mays are entitled to quasi-judicial immunity.  *Bush*, 38 F.3d at 847 ("Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.").

"Judicial immunity can be overcome in two circumstances: (1) where the judicial officer acts in a non-judicial capacity; or (2) where the judicial officer acts 'in the complete absence of all jurisdiction.'"  *Smiles v. Rosyter*, No. 18-1440, 2018 U.S. App. LEXIS 27888, at *3 (6th Cir. Oct. 1, 2018) (quoting *Mireles*, 502 U.S. at 11-12).  With respect to jurisdiction, "[a] judicial

4

officer acts in the clear absence of jurisdiction only if he knows that he lacks jurisdiction or acts despite a clearly valid statute or case law expressly depriving him of jurisdiction." *Mills v. Killebrew*, 765 F.2d 69, 71 (6th Cir. 1985). Here, Plaintiff pleads no facts from which it could be inferred that any Defendant was acting without jurisdiction when he or she committed the alleged acts about which Plaintiff complains. *See also Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002). *See also Hargis v. Jones*, No. 92-3906, 1993 U.S. App. LEXIS 211, at *3 (6th Cir. 1993) (finding a clerk of court to be entitled to quasi-judicial immunity in connection with the alleged loss of state court criminal trial transcripts); *Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 860 (E.D. Mich. 2008) (finding that "mailing transcripts to indigent prisoners so that they can appeal their convictions is a 'truly judicial act'" in dismissing an access-to-courts claim based on the defendant clerk's alleged failure to provide transcripts for appeal).

In light of this jurisprudence, Plaintiff's individual-capacity claims must also be dismissed for failure to state a claim upon which relief may be granted.

## C. Supplemental Jurisdiction

To the extent that Plaintiff also raises claims under the Kentucky Constitution, because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). These claims will be dismissed without prejudice.

## IV.

For these reasons, the Court will dismiss the action by separate Order.

Date: February 13, 2024

*Joseph H. McGinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

5